The opinion of the- 'Court was delivered/ by

"Mr. " Justice ~¿Huger.

*148 The usury act declares “that whereas it is to be feared that; evil minded persons” &sg. may violate that act, “from the hope> that their offences may not “be discovered for want of proof, as such transactions are generally carried on where only borrower and lender are present together; for remedy whereof, it is enacted, that whenever any suit is depending touching any usurious bond, specialty, contract, promise or agrtement or tailing of usury, the borrower or party to such usurious bond &c. &c., shall be a good and sufficient witness Sic. Sic. provided that if the person or persons, against whom such evidence is offered, will deny upon oath, in open court, the truth of what such evidence offers to swear against, him, then such evidence shall not. be admitted to be sworn.” Formerly this act was regarded with peculiar favour. Usury was thought an offence not only against the law's of the state, but the laws of Heaven. On this suject,. however, public opinion has undergone a most thorough change. It is now only regarded, as malum 'prohibitum, and meets with no other denunciation than is justly and properly due to every offence against the laws of the country.
Whatever, therefore, may have been the rules formerly adopted for the construction of this act, I cannot give my sanction now, to any other mode of interpretation than that which is adopted in the construction of the other acts of the legislature. 1 cannot consent to inflict the penalties of this act in a doubtful case. It is highly penal and no one should suffer under it, unless he be-proved, in the mode prescribed by the laws, to have violated it. If a new 'mode 'of proceeding be prescribed by statute, it must be followed, but no further than is necessary to give effect to the plain intention of the legislature. It is, to say no more, in opposition to all our received notions of propriety, to permit a defendant to swear off his debt. The act, however, does, permit this, under particular circumstances. But the very circumstances under which the defendant is permitted to swear, shews the jealousy with which the legislature, itself regarded the privilege it was conferring. The borrower, or party to the contract, is not to give evidence, if the person against whom such evidence is offered, will deny upon oath the truth of what such evidence offers to swear against him. The evidence of the borrower appears to have been intended'to -act in terror cm.. Thu *149 lender is forewarned that if he does lend, it is at the risk of losing his money by the evidence of defendant, or of adding the crime of perjury to the offciice of Usury; the alternative is, ■however, with him; if he choose to deny on oath ihe truth of What such evidence offers to swear, the borrower shall not he permitted to swear. It is immaterial to the admission of the borrower’s evidence, whether the lender swear falsely or not. The plaintiff, in consequence of the notice given, that the defendant would give his evidence if the plaintiff did not, was Sworn, and he denied the usury; hut it was said that as the circumstances stated by the defendant were not denied, he could be admitted to his evidence. It was certainly not the intention of the act to permit the borrower to swear, unless the lender refused to exculpate himself on oath. In this case the plaintiff, if he were the lender, did exculpate himself; if he were, however,not the lender on usury, Dunn was; and Dunn did excidpate-himself on oath in open court as the act requires.
It is said that Dunn’s evidence was not offered until the defendant had been sworn. He was, however, objected to as an incompetent witness before he was sworn; hut this, at most,is hut contending for a form, which may embarrass hut cannot aid the administration of justice. It is very much like the old rule which required every objection to the competency of a witness to he made on the voire dire, and if once examined in chiefj, however flagrant his incompetency might appear, he could not be disposed of. The courts have long since adopted a different rule, more convenient and much better calculated, in every respect, to aid the advance of justice. If at any time the incompetency of a witness appear, his evidence must he rejected; see Dunford and East, 719; and Phillips, 96. Substantially, the provisions of the act were complied with on the part of' the plaintiff. The lender did exculpate himself on oath, and the defendant was, therefore, incompetent and ought not to haye been received.
The motion must, therefore, he granted.
JYott, Justice, concurred.